**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph W. SOLOMON, Defendant-Appellant.**

**No. 77–5329**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Joel Hirschhorn, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., James L. Whitten, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

On one count of a five-count indictment, Joseph W. Solomon was convicted of making a false statement to the Immigration and Naturalization Service. 18 U.S. C.A. §§ 2, 1001. He complains that a supplemental instruction urging the jury to continue its deliberations in an effort to reach a unanimous verdict exceeded the boundaries prescribed by this Court in numerous precedents dealing with so-called *"Allen"* charges. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). *See generally,* C. Wright, Federal Practice and Procedure: Criminal § 502 (1969). We disagree and affirm.

At the end of a 2-day trial at 3:35 p.m., the jury began its deliberations. At 6:47 p.m. that night, court was recessed until 9:30 a.m. the following day. At 6:55 p.m. that day the jury asked the court:

> Judge Roettger: "Must we come to a conclusion as to all of the counts of the indictment? Thank You J. D.
>
> "We are prepared to render a verdict to some of the counts. We are unable to reach a verdict unanimously to the rest."

The court answered the jury with the following typewritten instruction: "Please try to reach a unanimous verdict as to all counts. Please continue your deliberations for a while longer to see if you can reach a unanimous verdict as to all counts."

Approximately one hour later the jury returned its verdict. Defendant was found guilty on Count 1, not guilty on Count 5, and the jury was unable to reach a decision on Counts 2, 3, and 4.

The use of a properly confined *Allen* charge is unquestionably permissible in this Circuit. *United States v. Bailey*, 480 F.2d 518 (5th Cir. 1973) (en banc). The supplemental instruction at bar has none of the coercive elements found impermissible in cases which held the charge to exceed the limits of *Allen* and *Bailey.* The district court's charge did not refer to the expense of a second trial or the need for the minority to reconsider its votes, imposed no coercive deadline, made no threats of marathon deliberations, and exerted no pressure for the surrendering of conscientiously held minority views. *See United States v. Cheramie*, 520 F.2d 325 (5th Cir. 1975). This instruction as given cannot be said to be erroneous. The instruction was given without objection and clearly does not rise to the level of plain error necessary to mandate reversal on the grounds of an erroneous supplemental instruction. Fed.R. Crim.P. 52(b); *United States v. Taylor*, 530 F.2d 49 (5th Cir. 1976).

■ Solomon also urges that the court erred in submitting the supplemental instruction to the jury by typewritten note. He asserts that the district judge should have called the jury into the courtroom and given the instruction orally.

Oral instructions in the courtroom are urged by ABA Standards, Trial by Jury § 5.3 (1968), in mandatory terms. The *Commentary* to this section states that such practice "is necessary so that jurors may be instructed in the proper atmosphere, so that counsel may have an adequate opportunity to appear to object to any proposed instructions (see § 5.3[d]), and so that the objections and instructions given or refused may be part of the record." While such practice is undoubtedly preferred, there was no error on the facts and circumstances of this case.

First, counsel agreed to the instruction both in form and in the manner given. Therefore, error to be reversible must be plain. *United States v. Taylor, supra.* Second, there appears to be no prejudice. *See also, United States v. Parrott*, 425 F.2d 972, 978 (5th Cir. 1970).

AFFIRMED.