930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mary Frances BENNETT, Defendant-Appellant.
 No. 89-6352.
 United States Court of Appeals, Tenth Circuit.
 March 20, 1991.
 
 Before HOLLOWAY, Chief Judge, and BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 Defendant-appellant Mary Frances Bennett appeals from her conviction for using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1) and conspiracy to distribute cocaine base in violation of 21 U.S.C. Sec. 846. Defendant asserts there was insufficient evidence to convict her of violating section 924(c)(1) and conspiracy to distribute cocaine base. She also contends the district court improperly instructed the jury on the section 924(c)(1) charge. We affirm.
 
 
 2
 In reviewing the sufficiency of the evidence on which the jury conviction rests, we evaluate the evidence in the light most favorable to the government. United States v. Levario, 877 F.2d 1483, 1485 (10th Cir.1989). All reasonable inferences and credibility choices are made in favor of the jury's conclusions. United States v. Massey, 687 F.2d 1348, 1354 (10th Cir.1982). The evidence need not exclude every reasonable hypothesis other than guilt; it must only be sufficient for a reasonable jury to find guilt beyond a reasonable doubt. United States v. Culpepper, 834 F.2d 879, 881 (10th Cir.1987). Finally, our review does not include an assessment of the credibility of witnesses; that task is reserved for the jury. Levario, 877 F.2d at 1485; United States v. Alonso, 790 F.2d 1489, 1492 (10th Cir.1986).
 
 
 3
 Our review of the record convinces us there was sufficient evidence to convict defendant for violating section 924(c)(1). In United States v. McKinnell, 888 F.2d 669, 675 (10th Cir.1989), this court stated the "use" element of section 924(c)(1) is satisfied when: (1) the defendant had "ready access" to the firearm, and (2) the firearm "was an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed." This court explained in United States v. Parrish, No. 90-4001, slip op. at 8-9 (10th Cir. Feb. 13, 1991), that a defendant has ready access to a firearm if it is available to him in the vicinity in which the drug trafficking offense takes place. In the present case, officers found defendant in the bedroom of her residence with two firearms within her reach. Two of defendant's employees, Janice Taylor and Roslinde Anderson, testified that defendant kept drugs and money in this bedroom as part of her drug operation. The first part of the McKinnell test is therefore satisfied.
 
 
 4
 There is also sufficient evidence to satisfy the second part of the McKinnell test. Detective Sergeant Don Hull, an experienced police officer, testified that drug dealers possess firearms to prevent "rip offs" from other drug dealers or drug users. Although defendant testified she possessed the firearms to protect herself from her ex-husband, the jury gave greater weight to the police officer's testimony. The officer's testimony was sufficient evidence for the jury to conclude the firearm was an integral part of the drug operation. See United States v. Henning, 906 F.2d 1392, 1398 (10th Cir.1990) (officer's testimony concerning use of firearms by drug dealers sufficient despite defendant's testimony to the contrary). The jury's verdict on the section 924(c)(1) charges is supported by sufficient evidence.
 
 
 5
 The conviction for conspiracy to distribute cocaine base also withstands defendant's challenges. Both Traylor and Anderson testified they had sold drugs at defendant's direction. They also claimed they were present when defendant received drug deliveries. Defendant contends the testimony of these witnesses is not credible because Traylor and Anderson used and dealt drugs and had received immunity in exchange for their testimony. She also alleges their testimony was uncorroborated and was contradicted by the testimony of the witnesses she presented in her defense. In particular, defendant notes Traylor and Anderson testified defendant had been dealing drugs out of her bedroom the day the arrests were made. The police, however, found no cocaine in the bedroom.
 
 
 6
 As noted above, this court will not evaluate the credibility of the witnesses in determining whether there is sufficient evidence to support a jury's verdict. All reasonable inferences and credibility choices will be made in favor of the jury's verdict. In this case, the jury chose to believe Traylor and Anderson's testimony and disregard the testimony of defendant. We have no basis for disturbing this determination on appeal.
 
 
 7
 Finally, we find no error in the instructions given to the jury concerning the section 924(c)(1) charge. Defendant failed to challenge the instructions below and therefore this court reviews only for plain error. Fed.R.Crim.P. 30; United States v. Solomon, 565 F.2d 364, 366 (5th Cir.1978). In United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985), the Ninth Circuit held the district court's failure to give any instruction concerning the relational element of the section 924(c)(1) offense was plain error where there is a significant possibility the jury might have acquitted if it had considered the relational element. The instruction given in this case, however, did address the relational element. It stated defendant could be convicted only if she used or carried a firearm "during the commission of the drug trafficking crime." In United States v. Bullock, 914 F.2d 1413, 1416 (10th Cir.1990), this court approved a similar instruction, noting "[i]f they [the firearms] were used in the commission of the crimes they were certainly used 'in relation to' the crimes. The charge is in equivalent language to the statutory language, and this is sufficient."
 
 
 8
 Defendant also contends the trial court erred in failing to provide an instruction defining the term "carry." The purported definitional error relates to the failure to express the relational element as to the "carry" component of the statutory offense. However, as noted above, the instructions given in the instant case already provided this relational element as to "carry" in line with Bullock, by stating:
 
 
 9
 [T]he Government must prove each of the following elements beyond a reasonable doubt: (1) that the defendant committed a drug trafficking crime; (2) that during the commission of the drug trafficking crime, the defendant used or carried a firearm.
 
 
 10
 I R., Item 28, at 83 (emphasis added).
 
 
 11
 We AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3