United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20702
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE CARLOS DIAZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CR-528-ALL)
- - - - - - - - - -

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jermaine Carlos Diaz appeals his conviction, following a jury trial, on charges of transporting a minor in interstate commerce for purposes of prostitution, and for aiding and abetting, in violation of 18 U.S.C. §§ 2423(a) and 2. The district court sentenced Diaz to 51 months in prison and three years supervised release.

Diaz, who was only 14 years old at the time of the July 1998 offense, contends that the district court reversibly erred by failing to (a) determine whether his waiver of his right to a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

juvenile proceeding was voluntary and knowing and (b) require that his juvenile court records be on file with the court before it transferred him for adult prosecution. As Diaz raises these claims for the first time on appeal, we review them for plain error only. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Under the plain-error standard, we may correct forfeited errors only when the appellant shows the existence of an error that was "clear" or "obvious" and affected his substantial rights. Id. at 162-64. Furthermore, even if these criteria are met, we will not exercise our discretion to correct a forfeited error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 735-36 (1993).

The Juvenile Justice and Delinquency Protection Act ("JJDPA") provides the means by which the federal government may proceed against a juvenile who has been accused of committing an act of juvenile delinquency. See 18 U.S.C. § 5032. "A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrendered to State authorities shall be proceeded against under this chapter unless he has requested in writing upon advice of counsel to be proceeded against as an adult." § 5032, ¶ 4 (emphasis added). It is not disputed that Diaz, his attorney, and his guardian complied with this provision by signing a written request that he be proceeded against as an adult. As Diaz has cited no binding or non-distinguishable legal authority requiring a district court to ensure that the juvenile's request is knowing

2

and voluntary, and Diaz has not explicitly asserted that his request was in fact unknowing or involuntary, he has failed to establish plain error.

Diaz has also failed to show plain error with respect to his claim that the district court failed to comply with § 5032's requirement that transfer to adult prosecution shall not occur before the district court has received "any prior juvenile court records." The magistrate judge's July 3, 2001, detention order reflects that such records were obtained and reviewed by the court.

Diaz also contends that trial evidence was insufficient to establish that, by the time he and the female minor left Arkansas for Houston, he had already formed the intent for the minor to engage in prostitution there. Generally, the standard for reviewing a claim of insufficient evidence is whether "a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt." United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). When, as here, the defendant fails "to renew his motion for judgment of acquittal at the close of the trial, we review his claim [only] to determine 'whether there was a manifest miscarriage of justice.'" United States v. Burton, 324 F.3d 768, 770 (5th Cir. 2003) (citation omitted). "That occurs only where the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense [that is] so tenuous that a conviction would be shocking." Id. (citations and internal quotation marks omitted).

3

Under 18 U.S.C. § 2423(a), the intent that a minor engage in prostitution need only be a "dominant motive" of the transportation across state lines; it need not be the only motive. United States v. Campbell, 49 F.3d 1079, 1082 (5th Cir. 1995) (citing Mortensen v. United States, 322 U.S. 369, 374 (1944)).

The trial evidence shows that Diaz enticed the minor and another girl to travel with him from their Arkansas hometown to Houston by telling them that he would find them work there as strippers. Within less than one hour after Diaz and the minor checked into a motel in Houston, Diaz appeared with two other pimps, brandished a handgun, and told the minor that she "was down here to prostitute." The minor testified that she was "afraid" to disobey. That evening, Diaz and a second pimp took the minor to a "modeling studio," which in fact was a "whore house," where the minor signed a job application using false identification provided by Diaz and had sex with men for money. The minor acknowledged that she had never worked as a prostitute before and that it was "apparent" that Diaz "knew how these modeling studios worked." The minor also testified that Diaz "knew what to do when [they] went" inside the first of two studios at which she worked. This evidence and reasonable inferences to be drawn from it were more than sufficient to support the finding of fact that before leaving Arkansas, Diaz had formed the intent for the minor to engage in prostitution in Texas. See United States v. Haas, 171 F.3d 259, 265-66 (5th Cir. 1999) (criminal intent may be established by circumstantial evidence).

4

Diaz asserts further that the district court erred in failing to declare a mistrial when the minor testified that she was "afraid" of Diaz because he had allegedly "done drive-bys" in their Arkansas hometown. The district court's denial of Diaz's motion for mistrial was not an abuse of discretion. United States v. Millsaps, 157 F.3d 989, 993 (5th Cir. 1998). The comment was made only one time, and the district court gave a sufficient curative instruction. See id. Juries are presumed to follow such instructions. Id. Diaz has not established that there was "a significant possibility that the prejudicial evidence had a substantial impact upon the jury verdict, viewed in light of the entire record." United States v. Paul, 142 F.3d 836, 844 (5th Cir. 1998).

Diaz next contends, again for the first time on appeal, that the district court erred by answering several written jury notes without ensuring that Diaz and his attorney were present. The parties dispute whether the record even shows that Diaz and his attorney were not present when the court entertained these notes; there is nothing in the record to confirm their absence at those times. (Diaz is represented by a new attorney on appeal.) But even if we assume arguendo that Diaz and his attorney were not present, we are satisfied that Diaz has not established plain error, because he has failed to establish that the purported error was anything but harmless. See United States v. Bieganowski, 313 F.3d 264, 293 (5th Cir. 2002), cert. denied, 123 S. Ct. 1956 (2003); Calverley, 37 F.3d at 162-64. He suggests that the court's

5

answer to only one of five jury notes was unresponsive, but, even with respect to the question posed in that particular note, the court had already instructed the jury properly.

Diaz also urges that the district court abused its discretion by giving an abbreviated <u>Allen</u>[1] charge after the jury submitted a note, several hours into its deliberations, stating that it was deadlocked as to the count of conviction.  As this contention is raised for the first time on appeal, it too is reviewed for plain error only.[2]  <u>See Calverley</u>, 37 F.3d at 162-64.  The trial court instructed the jury, <u>inter</u> <u>alia</u>, to return the following morning and "spend at least 30 minutes or so deliberating on this issue and then tell me as soon as possible whether or not you think you can reach agreement as to that particular issue."  Although the court failed explicitly to "make it plain" that each juror had a "duty conscientiously to adhere to his own honest opinion," <u>see</u> <u>United States v. Sylvester</u>, 143 F.3d 923, 927 (5th Cir. 1998) (citations and internal quotation marks omitted), the charge did not contain the coercive elements that we have found impermissible under <u>Allen</u>. <u>See</u> <u>United States v. McClatchy</u>, 249 F.3d 348, 359 (5th Cir. 2001); <u>United States v. Solomon</u>, 565 F.2d 364, 365-66 (5th Cir. 1978).  No error is apparent, plain or otherwise.

AFFIRMED.

---

[1]  <u>Allen v. United States</u>, 164 U.S. 492, 501 (1896).

[2]  Diaz contends that he preserved this contention for appellate review by moving for a mistrial as soon as he learned that the jury was deadlocked.  This did not absolve him of the burden, however, of objecting to the propriety or adequacy of the district court's subsequent <u>Allen</u> charge.