United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 04-50553
Summary Calendar

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DALE A. BENJAMIN, also known as
Dale Benjamin,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-272-ALL-SS
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dale Benjamin appeals from his jury-trial conviction for

being a felon in possession of a firearm in violation of 18

U.S.C. §§ 922(g)(1), 924(a)(2).  Benjamin argues that the trial

court violated his protection against double jeopardy when the

court declared a mistrial and a second jury found him guilty of

the charged offense, that the trial court committed errors with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

respect to an Allen[1] charge, that the evidence was insufficient to establish possession of a firearm, and that 18 U.S.C. § 922(g) is unconstitutional.

Double jeopardy

Benjamin did not contemporaneously and expressly object to the trial court's sua sponte declaration of a mistrial at trial, but filed his "motion to bar retrial on grounds of double jeopardy" nearly two weeks after the trial court declared a mistrial. Accordingly, his double jeopardy argument is waived by implied consent. See United States v. Palmer, 122 F.3d 215, 218-19 (5th Cir. 1997); United States v. Nichols, 977 F.2d 972, 973-75 (5th Cir. 1992) (when a defendant "does not object timely to the declaration of a mistrial, his double jeopardy claim may be vitiated by his consent.").

Allen charge

Benjamin argues that the trial court issued an improper modified Allen charge, erred in giving the jury a typewritten Allen charge, and failed to give the jury a second standard Allen charge. Because Benjamin failed to raise these objections at trial, they are reviewed for plain error. See United States v. McClatchy, 249 F.3d 348, 359 (5th Cir. 2001).

First, the modified Allen charge that the trial court gave to the jury was neither coercive nor prejudicial. See id. Rather, the trial court encouraged the jurors to continue

---

[1] Allen v. United States, 164 U.S. 492, 501-02 (1896).

deliberating without surrendering any firm convictions. Benjamin does not allege that the trial court's modified <u>Allen</u> charge imposed a coercive deadline, contained threats regarding lengthy deliberations, or pressured the views of minority jurors. <u>See</u> <u>United States v. Solomon</u>, 565 F.2d 364, 366 (5th Cir. 1978).

Second, Benjamin argues that the trial court was required to issue the jury an <u>Allen</u> charge by an oral instruction instead of through a typewritten form. Benjamin fails to demonstrate plain error with respect to this format. <u>See</u> <u>Solomon</u>, 565 F.2d at 366.

Finally, Benjamin argues that the trial court erred in failing to issue the jury a second <u>Allen</u> charge that conformed to a standard pattern jury charge. Benjamin provides no authority for his argument that the trial court was required to issue another <u>Allen</u> charge after the court's first modified charge had failed. Accordingly, Benjamin cannot establish plain error with respect to his <u>Allen</u> charge arguments. <u>See</u> <u>Solomon</u>, 565 F.2d at 366.

<u>Sufficiency of the evidence</u>

Benjamin argues that the evidence was insufficient to establish that he possessed the firearm. Benjamin properly preserved this issue by unsuccessfully moving for a judgment of acquittal at the close of the Government's case and at the close of all evidence; therefore, this issue is reviewed de novo. <u>See</u> <u>United States v. Izydore</u>, 167 F.3d 213, 219 (5th Cir. 1999).

The record contains testimony from the officer who pursued Benjamin and observed him carrying a firearm. Although Benjamin argues that this testimony was incredible, the jury was entitled to believe the testimony of the officer. See United States v. Gadison, 8 F.3d 186, 190 (5th Cir. 1993).

Constitutionality of 18 U.S.C. § 922(g)

For the first time on appeal, Benjamin argues that 18 U.S.C. § 922(g) is unconstitutional because the Government failed to establish a sufficient nexus between the firearm that he possessed and interstate commerce. Benjamin acknowledges that his argument is foreclosed by this court's precedent; however, he raises the argument to preserve it for Supreme Court review.

This court has emphasized that the constitutionality of § 922(g) is not open to question. United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001). A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999). No such decision exists. Benjamin's argument is foreclosed. The judgment of the trial court is AFFIRMED.