**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 15, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-20702
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE CARLOS DIAZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CR-528-ALL)
- - - - - - - - - -

Before JOLLY and WIENER, Circuit Judges.[*]

PER CURIAM:[**]

This matter is before us on remand from the Supreme Court for reconsideration in light of <u>United States v. Booker</u>.[1]   At our request, the parties have commented on the impact of <u>Booker</u>.  We conclude that <u>Booker</u> does not affect Defendant-Appellant Jermaine Carlos Diaz's ("Diaz") sentence.

---

[*]  Judge Pickering was a member of the original panel that heard this case, but he has since retired.  This matter is being handled by a quorum.  28 U.S.C. § 46(d).

[**]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. 220 (2005).

## I. BACKGROUND

In 2001, a federal grand jury returned indictments charging Diaz with six counts: one count of enticement to travel in interstate commerce for purposes of prostitution, in violation of 18 U.S.C. § 2422(a); one count of transporting a minor in interstate commerce for purposes of prostitution, in violation of 18 U.S.C. § 2423(a); two counts of aiding and abetting violations of 18 U.S.C. §§ 2422(a) and 2423(a); and two counts of misprision of a felony, in violation of 18 U.S.C. § 4. Diaz was acquitted on four counts: The district court granted his motion for judgment of acquittal on the two misprision counts; and the jury acquitted Diaz on the enticement to travel in interstate commerce for purposes of prostitution and aiding and abetting counts. He was convicted, however, of the remaining two counts — transportation of a minor in interstate commerce for purposes of prostitution and aiding and abetting such transportation, in violation of 18 U.S.C. §§ 2423(a) and 2.

Following Diaz's conviction, the Probation Office prepared a Presentencing Report ("PSR"), which, under the then-mandatory Sentencing Guidelines ("the Guidelines" or "USSG"), calculated his offense level as 27, his criminal history category as II, and his resulting sentencing range as 78-97 months' imprisonment. In doing so, the PSR started with a base offense level of 14, pursuant to USSG § 2G1.1(a). It increased that by four levels under USSG § 2G1.1(b)(1) to account for Diaz's use of physical force, coercion, or threats in the commission of his crime; by seven more levels

2

under USSG § 2G1.1(b)(2)(B) to account for Diaz's victim being under the age of 16; and by another two levels under USSG § 3C1.1 to account for Diaz's obstruction of justice.

Diaz objected to these level increases. He complained that the increase for use of physical force, coercion, or threats was not justified "because the jury specifically found the Defendant Not Guilty of" enticement to travel in interstate commerce for purposes of prostitution. He objected to the obstruction-of-justice increase because "[t]here was no testimony from [his victim] that she had been influenced in any manner."[2] Finally, Diaz urged that he was entitled to a level reduction for acceptance of responsibility.

The district court overruled each of Diaz's objections, but granted his request for a two-level reduction for acceptance of responsibility, and granted another three-level reduction because of Diaz's young age at the time of his crime. These adjustments resulted in an offense level of 22, a criminal history category of II, and a sentencing range of 46-57 months. The district court sentenced Diaz in the middle of that range, i.e., to 51 months' imprisonment, as well as three years' supervised release and a $100 special assessment.[3]

---

[2] Diaz also objected to the enhancement for the age of his victim, arguing that it was inappropriate because, although she was under 16 at the time of his crime, she was <u>older</u> than he.

[3] Bureau of Prisons records indicate that Diaz was released from prison on November 26, 2004. Because he remains under supervised release, however, the end of his prison term did not moot his appeal.

3

Notably, when Diaz appealed his conviction to us, he did not challenge his sentence or otherwise press the objections that he had made to the district court regarding its imposition of sentencing enhancements for obstruction-of-justice and the use of force, coercion, or threats. We affirmed his conviction in an unpublished opinion.[4] It was only in an amended petition to the Supreme Court for a writ of certiorari that Diaz renewed his objection to the district court's imposition of sentencing enhancements for obstruction-of-justice and the use of force, coercion, or threats. In that amended petition, he contended that under Blakely v. Washington,[5] the district court's reliance on facts that were not proven to the jury beyond a reasonable doubt to enhance his sentence violated his Sixth Amendment rights. Shortly thereafter, the Supreme Court handed down Booker, granted Diaz's amended petition for certiorari, and remanded this case to us for further consideration.[6] We once again affirm.

## II. ANALYSIS

### A. Standard of Review

At the outset, the parties dispute our standard of review for Diaz's Booker claim. Diaz contends that he is entitled to de novo review of his claim because he "objected to the district court's judicial findings on the use of force, age of the victim,

---

[4] United States v. Diaz, 95 Fed. Appx. 535 (5th Cir. Mar. 16, 2004) (unpublished per curiam opinion).

[5] 542 U.S. 296 (2004).

[6] Diaz v. United States, 543 U.S. 1099 (2005).

4

and obstruction of justice, and the enhancements based on those findings."  The government disagrees, arguing that plain error review governs this case because "the [Booker] issue was not raised in the court below."

Diaz is simply wrong: Although his objections in the district court to the PSR's sentencing enhancement recommendations may have been sufficient to preserve his Booker claim for his first appeal, he abandoned that claim by failing to assert it the first time his case was before us.[7]  We are not as confident, however, about the propriety of the government's assertion that the plain error standard governs this case.  Our decisions are legion that "extraordinary circumstances" review governs Booker claims raised for the first time in a petition for a writ of certiorari.[8]  Diaz, however, did not raise his Booker claim for the first time in his cert petition; he took the unusual route of preserving his claim in the district court, abandoning it before us, and then reasserting it in the Supreme Court.  Legal niceties aside, however, whether "extraordinary circumstances" or "plain error" review governs this case is irrelevant: As Diaz cannot meet even the requirements of plain error review, he certainly cannot meet the more onerous

---

[7] See United States v. Lipscomb, 299 F.3d 303, 358-59 (5th Cir. 2002).  Furthermore, even had he not abandoned his Booker claim, he would not be entitled to de novo review; he would be entitled to review under the harmless error standard.  See, e.g., United States v. Saldana, 427 F.3d 298, 308 (5th Cir. 2005).

[8] See, e.g., United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

requirements of "extraordinary circumstances" review.[9]  We therefore assume arguendo that the plain error standard governs Diaz's case.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[10]  If all three criteria are met, we may exercise our discretion to notice the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[11]  Under Booker, the district court's enhancement of Diaz's sentence under mandatory Guidelines based on facts not proven to the jury beyond a reasonable doubt (1) constitutes error that (2) is plain.[12]  Whether the error affects substantial rights is a more complex inquiry for which Diaz bears the burden of proof. He will carry this burden only if he can "show[] that the error 'must have affected the outcome of the district court proceedings.'"[13]  That may be shown, in turn, by his "demonstrat[ion of] a probability 'sufficient to undermine confidence in the outcome.'"[14]  In other words, Diaz must identify in the record an indication that the "sentencing judge —— sentencing under an

_____

[9] See, e.g., id.

[10] United States v. Cotton, 535 U.S. 625, 631 (2002).

[11] Id.

[12] United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

[13] Id. (quoting United States v. Olano, 507 U.S. 725, 734 (1993)).

[14] Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74 (2004)).

6

advisory [Guidelines] scheme rather than a mandatory one — would have reached a significantly different result."[15]

**B.    Merits**

In his supplemental letter brief, Diaz makes no attempt to cite to anything in the record indicating that there is a probability that the sentencing judge would have sentenced him differently under an advisory Guidelines scheme.  Instead, he argues that the Booker error in this case affected his substantial rights "because (1) Booker error is structural, or at least presumptively prejudicial; and (2), in any event, based on the judge-made, preponderance-of-the-evidence findings, he received a sentence greater than the maximum of the facts found by the jury." His first argument is foreclosed by our precedents[16]; his second merely states the error in this case that is plain without directing our attention to anything in the record indicating that he would have received a significantly different sentence under an advisory Guidelines scheme.

In essence, Diaz has done nothing more than preserve a challenge to the standard of review we adopted in Mares, arguing that in Mares we got it wrong, and that the plain error standard employed by other courts gets it right.  Mares is the settled law of this circuit, however, and we may revisit it only en banc or following a Supreme Court decision that actually or effectively

---

[15] Id.

[16] See, e.g., United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005).

overturns it.  We therefore affirm the sentence imposed by the district court below.

### III.  CONCLUSION

As Diaz cannot meet the requirements of plain error review or, by extension, extraordinary circumstances review, his sentence is AFFIRMED.