**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-60428

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

DONALD KEITH BURTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi

_____

March 12, 2003

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

CARL E. STEWART, Circuit Judge:

A jury found Donald Keith Burton ("Burton") guilty of carjacking, in violation of 18 U.S.C. § 2119 (count one), possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count two), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count three). After he was sentenced, Burton timely appealed claiming that there was insufficient evidence to sustain his convictions as charged. We agree. For the reasons that follow, we REVERSE all three of Burton's convictions and VACATE his sentence.

1.    Standard of Review

We review an insufficiency of the evidence claim in the light most favorable to the Government. United States v. Quiroz-Hernandez, 48 F.3d 858, 865 (5th Cir. 1995). Because Burton failed to renew his motion for judgment of acquittal at the close of the trial, we review his claim to determine "whether there was a manifest miscarriage of justice." United States v Galvan, 949 F.2d 777, 783 (5th Cir. 1991). "That occurs only where 'the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense [that is] so tenuous that a conviction would be shocking.' " United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002) (quoting United States v. Cathey, 259 F.3d 365, 368 (5th Cir. 2001) (internal citations omitted; brackets in original)).

2.    Analysis

Burton challenges his conviction on counts one and two asserting that the Government failed to prove a nexus to interstate commerce, an essential element of both crimes. Specifically, Burton argues that the Government failed to prove that the vehicle involved in the carjacking, and that the firearm he possessed had been transported in interstate commerce. In addition, Burton challenges his conviction on count three, brandishing a firearm during a crime of violence, because the Government failed to prove an essential element of the predicate crime of violence – the carjacking. The Government concedes that it failed to prove that the firearm involved traveled in interstate commerce and agrees that Burton's conviction should be set aside as to count two. Thus, the only issue before us is whether the evidence is sufficient to support Burton's convictions on counts one and three.

Burton argues that there was insufficient evidence to support his carjacking conviction because the Government failed to offer evidence that the vehicle involved, a Nissan Maxima, traveled in interstate commerce. The Government asserts that although it failed to offer evidence of interstate

2

travel, it was within the "common knowledge" of the jury that no Nissan Maximas were manufactured in Mississippi prior to the date of the carjacking. The Government offers only speculation to support this contention.

We have acknowledged that juries can use common knowledge when considering evidence. See United States v. Fores-Chapa, 48 F.3d 156, 161 (5th Cir. 1995). Nonetheless, because the Government's evidence was too attenuated to find the Defendant convicted as charged, we determined that "but for the government's misconduct in [the] trial Appellant would never have been convicted," and reversed the conviction. 48 F.3d at 163. Similar to Flores-Chapa, in the present case, but for the Government's acknowledged oversight in this trial, Burton would never have been convicted. See id. The evidence here is not merely too attenuated to find Burton convicted as charged, but rather, it is worse -- there is a total absence of evidence to support the interstate commerce element. The Government failed to make a persuasive showing that the presence or absence of a Nissan manufacturer in Mississippi was a matter of common knowledge of jurors in Mississippi. Because the Government presented no evidence whatsoever that the Nissan traveled in interstate commerce, a key element of the crime, we conclude that Burton's conviction for count one amounts to a "manifest miscarriage of justice."

As there is insufficient evidence to sustain Burton's conviction of carjacking, Burton's conviction for brandishing a firearm during a crime of violence, as alleged in count three of his indictment must necessarily be reversed for failing to prove the predicate crime of violence, namely carjacking.

1. Conclusion

Burton's convictions for carjacking, in violation of 18 U.S.C. § 2119 (count one), possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count two), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count three) are REVERSED and Burton's corresponding sentences are VACATED. Accordingly, we REMAND to the district court for proceedings consistent with this opinion.

REVERSE, VACATE, and REMAND.