United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 03-30119**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**HARRY F. HARRIS,**

**Defendant-Appellant.**

_____
_____

Appeal from the United States District Court
for the Middle District of Louisiana
02-CR-60

_____
_____

Before REAVLEY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Harry F. Harris appeals his conviction for knowingly and intentionally possessing, with the intent to distribute, 500 grams or more of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1). Harris alleges the Government improperly withheld exculpatory Brady evidence and violated its discovery obligations under Federal Rule of Criminal Procedure 16. Harris also complains that the district court erred in admitting drug evidence and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying his motion for judgment of acquittal. Finally, Harris argues that the cumulative effect of the errors below warrants reversal of his conviction. Finding no error, we affirm.

Baton Rouge police detectives boarded a Greyhound bus traveling from Houston, Texas, and, with the aid of a drug dog, detected controlled substances in two bags. One bag belonged to Harris, the other to one Winfield. After claiming his bag and being given Miranda warnings, Harris agreed to speak with detectives. He subsequently authorized the detectives to search his bag, where they discovered two duct-taped blocks containing 3.8 kilograms of cocaine. Harris identified the blocks as cocaine, and was arrested. A forensic chemist later analyzed the blocks and confirmed their contents as cocaine.

Harris claims the Government improperly withheld two pieces of exculpatory evidence in violation of Brady and Rule 16: 1) the identities of two other men arrested from the Greyhound bus, and 2) the DEA Form 7 and forensic chemist's bench notes, both identifying the substance as cocaine.

This Court reviews Brady determinations de novo. United States v. Dixon, 132 F.3d 192, 199 (5th Cir. 1997). To establish a due process violation under Brady v. Maryland, 373 U.S. 83 (1963), Harris must prove that "(1) evidence was suppressed by the prosecution; (2) the evidence was favorable to the defense; and (3) the evidence was material either to guilt or punishment." United

2

States v. Aubin, 87 F.3d 141, 148 (5th Cir. 1996).

When the prosecution produces the allegedly exculpatory evidence at trial, that evidence is no longer suppressed. United States v. Neal, 27 F.3d 1035, 1050 (5th Cir. 1994). The question then becomes whether the defendant was prejudiced by the tardy disclosure. United States v. McKinney, 758 F.2d 1036, 1049-50 (5th Cir. 1985). Harris learned the identities of the two arrested men at trial. The Government even brought Winfield, the owner of the other bag identified by the drug dog, to the courthouse for questioning. Harris referred to these two men during his own testimony, and his counsel questioned police detectives about the two men to advance the defense theory that the drugs were planted on Harris. Similarly, the Government presented Harris with the DEA Form 7 and forensic chemist's bench notes at trial, prior to the chemist's testimony. Neither the form nor the notes differed from the chemist's trial testimony. Thus, late disclosure of this evidence did not prejudice Harris.

Harris also makes several passing references to the Government's violation of Federal Rule of Criminal Procedure 16 by failing to timely produce the DEA Form 7 and bench notes. Harris broadly asserts that the Government violated Rule 16, but provides no law or argument to support his position. Therefore, Harris's failure to adequately brief this issue on appeal constitutes waiver of the argument. See FED. R. APP. P. 28(a)(9)(A); United States v.

3

<u>Thames</u>, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

Harris also argues the cocaine admitted into evidence lacked proper authentication because of a gap in the chain of custody. The district court's decision to admit evidence is reviewed by this Court for an abuse of discretion. <u>United States v. Dixon</u>, 132 F.3d 192, 196-97 (5th Cir. 1997). Federal Rule of Evidence 901 governs the authentication of evidence, including establishing a chain of custody. <u>United States v. Jardinia</u>, 747 F.2d 945, 951 (5th Cir. 1984). As long as a prima facie showing of authenticity is made, evidence should be admitted. <u>Id</u>. Once the evidence has been admitted, the jury ultimately determines the evidence's authenticity, as long as "substantial evidence has been presented from which they could infer that the document is authentic." <u>Id</u>. Any break in the chain of custody goes only to the weight of the evidence, and not its admissibility. <u>Dixon</u>, 132 F.3d at 197.

The United States presented evidence from the seizing officer supporting the chain of custody from the initial seizure of the drugs through their transfer to the Baton Rouge DEA office. The DEA officer also testified that he was in control of the drugs until their transfer to Dallas, Texas, for analysis by the forensic chemist. The DEA officer further testified that the same drugs remained in his possession after their return from Dallas until trial. Based on this evidence, the trial judge correctly

determined that the Government made a prima facie showing of authenticity, and admitted the drug evidence subject to the forensic chemist's identification. Subsequently, the forensic chemist testified that, based on the seals present on the bags, they were the same drugs he tested in Dallas. The testimony of the seizing officer, DEA officer, and forensic chemist amounts to substantial evidence of authenticity justifying the district judge's admission of the drug evidence.

Harris further argues that the district court erred in denying his motion for judgment of acquittal. This Court reviews denials of motions for acquittal de novo, applying the same standard as general sufficiency of the evidence review. United States v. Payne, 99 F.3d 1273, 1278 (5th Cir. 1996). Evidence is sufficient if "a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt based upon the evidence presented at trial." United States v. Gray, 96 F.3d 769, 772 (5th Cir. 1996). However, because Harris failed to renew his motion at the close of evidence, he waived his objection to the denial of the motion. United States v. Siegel, 587 F.2d 721, 724-25 (5th Cir. 1979). Thus, we review his claim to determine only "whether there was a manifest miscarriage of justice." United States v. Burton, 324 F.3d 768, 770 (5th Cir. 2003).

To convict a defendant for violating 21 U.S.C. §

5

841(a)(1), the Government must prove (1) knowing (2) possession of a controlled substance (3) with the intent to distribute. United States v. Carreon-Palacio, 267 F.3d 381, 389 (5th Cir. 2001). Intent to distribute may be inferred from possession of a quantity of controlled substance too large for personal consumption. United States v. Hunt, 129 F.3d 739, 742 (5th Cir. 1997). Harris admitted packing his own bag and having exclusive control over the bag, and when questioned, he admitted that the bag contained cocaine. Harris summarily assumes that this confession was improperly admitted, without raising any argument on appeal as to why the confession was inadmissible. Failure to raise an issue on appeal constitutes waiver of that argument. United States v. Thibodeaux, 211 F.3d 910, 912 (5th Cir. 2000). In light of Harris's confession and the 3.8 kilograms of cocaine found in his bag, there was sufficient evidence to sustain his conviction.

Finally, Harris argues his conviction should be vacated due to cumulative error. "[T]he cumulative effect of a series of errors may require reversal, even though a single one of those errors, standing alone, would not require such a result." United States v. Villareal, 324 F.3d 319, 328 (5th Cir. 2003). Having failed to establish any error, however, Harris cannot establish cumulative error. United States v. McIntosh, 280 F.3d 479, 484 (5th Cir. 2002).

For these reasons, the judgment of the district court is

**AFFIRMED.**