# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-30881
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSEPH T PAYNE

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-323-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Joseph T. Payne appeals from his conviction of being a felon in possession of a firearm. He contends that the evidence was insufficient to prove that he knowingly possessed a firearm. Because Payne failed to renew his motion for a judgment of acquittal at the close of evidence, our review is for a "manifest miscarriage of justice," which "occurs only where the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense [that is] so

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tenuous that a conviction would be shocking." United States v. Burton, 324 F.3d 768, 770 (5th Cir. 2003) (internal quotation marks and citations omitted; brackets in original).

The evidence in Payne's case was not so lacking as to make his conviction shocking. He does not dispute that a .357 revolver was found underneath the vehicle in which he was riding. The evidence at trial indicated that the revolver was positioned in such a way that it appeared as if the occupant of Payne's seat had placed it there. A police detective observed Payne bend down as police moved in on the vehicle. The same detective had observed the driver and another passenger of the vehicle with automatic pistols on their persons before they entered the vehicle with Payne; those same two people were arrested with automatic pistols on their persons. The driver of the vehicle testified that he possessed the firearm and placed it underneath the driver's seat as police approached the vehicle. However, the owner of the vehicle--the driver's girlfriend--testified that he never told her about having a .357 revolver or that he had placed such a weapon underneath the seat of her vehicle, a vehicle to which she controlled access. The driver's explanation that the revolver must have slid from underneath his seat to underneath Payne's seat was doubtful, as the vehicle came down from a highway off ramp before it was stopped. Moreover, the driver offered conflicting testimony as to whether he left the revolver inside the vehicle or was arrested with it on his person, and he never claimed ownership of the revolver during interviews with police. The evidence of Payne's possession of the firearm went beyond his mere occupancy of the seat underneath which the revolver was found, and beyond the observation that he bent over as police approached the vehicle. See United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993).

AFFIRMED.