# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2010

No. 09-60382

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DAVID WALLACE GARRISON

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
No. 2:08-CR-00058

Before JOLLY and GARZA, Circuit Judges, and MILLER[*], District Judge.

PER CURIAM:[**]

David Wallace Garrison was convicted of one count of smuggling counterfeit goods in violation of 18 U.S.C. § 545 and five counts of trafficking in counterfeit goods in violation of 18 U.S.C. § 2320(a). Garrison appeals his conviction on three grounds: (1) the evidence was insufficient to sustain a conviction as to any count; (2) the district court erred in admitting evidence of

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60382

some of the counterfeit shirts; and (3) the district court erred in failing to grant a mistrial. For the reasons stated below, the conviction is AFFIRMED.

I.

Garrison owned a clothing store named "Gambles" with locations in Batesville and Robinsonville, Mississippi. On June 1, 2007, upon information from the clothing company Lacoste, a counterfeit specialist went to the Batesville store to investigate whether Garrison was selling counterfeit Lacoste shirts. Upon his arrival, the investigator found more than six hundred counterfeit Lacoste, Polo/Ralph Lauren, and Abercrombie & Fitch shirts. The investigator then proceeded to the Robinsonville store, where he found more than thirteen hundred counterfeit shirts. The shirts from both stores were seized by police. During the seizure, the police also discovered shipping documents dated September 27, 2006, September 12, 2006, and November 27, 2005, which indicated that Garrison had imported the same or similar shirts from abroad at a wholesale price of $2 or $3 per shirt.

After the seizure, Garrison was interviewed by Immigration and Customs Enforcement agents. During the interview, Garrison admitted that on February 9, 2006, U.S. Customs agents at JFK airport had seized a shipment of shirts he was importing on the basis that they were counterfeit. After having been sent notice of the seizure, Garrison was given the opportunity to contest the seizure if he believed the shirts were legitimate. Garrison chose not to do so.

Garrison was charged with one count of fraudulently receiving, concealing, and selling merchandise after importation ("smuggling") in violation of 18 U.S.C. § 545 and five counts of trafficking in counterfeit goods in violation of 18 U.S.C. §2320(a). The trafficking counts related to the June 1, 2007, seizures at his stores, the shipping documents found in the stores, and the seizure at JFK airport. At trial, Garrison was convicted by jury verdict on all counts.

No. 09-60382

Garrison appeals his conviction on three grounds. First, Garrison contends the evidence was insufficient to sustain a conviction as to any count. Second, the district court erred in allowing evidence of counterfeit shirts absent the presentation of those goods at trial. And last, the district court erred in not granting a mistrial after a jury poll reflected a lack of unanimity in the verdict.

II.

When a challenge to the sufficiency of the evidence is properly preserved by a motion for judgment of acquittal at the close of the government's case and at the close of all the evidence, review is *de novo. See United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007). In reviewing such a challenge, the court looks at the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could find every element of the offense beyond a reasonable doubt. *Id.* "The intent necessary to support a conviction can be demonstrated by direct or circumstantial evidence that allows an inference of unlawful intent, and not every hypothesis of innocence need be excluded." *United States v. Aggarwal*, 17 F.3d 737, 740 (5th Cir. 1994) (citing *United States v. McAfee*, 8 F.3d 1010, 1014 (5th Cir. 1993)). If, however, the challenge to the sufficiency of the evidence is not properly preserved, the review is to determine "whether there was a manifest miscarriage of justice." *See United States v. Burton*, 324 F.3d 768, 770 (5th Cir. 2003) (quoting *United States v. Galvan*, 949 F.2d 777, 783 (5th Cir. 1991)). This standard requires a showing that either (1) the record is devoid of evidence pointing to guilt or (2) the evidence on a key element of the offense is so tenuous that a conviction would be shocking. *See Burton*, 324 F.3d at 770 (citing *United States v. McIntosh*, 280 F.3d 479, 483 (5th Cir. 2002)).

At the conclusion of the government's case, Garrison moved pursuant to Federal Rules of Criminal Procedure 29(a) for a judgment of acquittal as to all counts of the indictment due to the insufficiency of the evidence to sustain a conviction as to any counts. This motion was denied by the district court in its

entirety. After the trial, Garrison filed a timely Rule 29(c) motion for a judgment of acquittal as to all counts except for the trafficking count based on the JFK seizure, and the district court again denied this motion. Thus, all counts except the trafficking count based on the JFK seizure are reviewed *de novo* and that count is reviewed for manifest miscarriage of justice.

The indictment charged Garrison with smuggling counterfeit shirts from November 27, 2005, to June 1, 2007. The government was required to prove that Garrison imported counterfeit shirts, that the shirts copied or simulated a registered trademark, and that the defendant knew the importation of those shirts was contrary to law. 18 U.S.C. § 545; 15 U.S.C. § 1124. Garrison contends that the government did not prove—for any given shirt—that he knowingly imported the shirt, that the shirt was in fact counterfeit, and that Garrison knew it was counterfeit. The evidence admitted at trial, however, although of a circumstantial nature, was sufficient to enable a rational trier of fact to find each of these elements beyond a reasonable doubt. Several shipping documents were introduced that indicated that the same type of shirts, if not the exact shirts seized, were imported from abroad. There was also clear testimony by the counterfeit specialist that every shirt seized in both the Batesville and Robinsonville stores was in fact counterfeit. Additionally, although Garrison repeatedly stated that he had no knowledge the shirts were counterfeit, there was sufficient evidence introduced at trial from which a jury could find that Garrison was deliberately indifferent to the fact the shirts were counterfeit. First, Garrison should have been put on notice of the likely counterfeit nature of the shirts after he was informed by U.S. Customs agents in 2006 that at least one shipment of shirts he was importing was counterfeit. *See United States v. Yi*, 460 F.3d 623, 630 (5th Cir. 2006) (selling merchandise after receiving a cease and desist letter is some evidence that the defendant knew the goods were counterfeit). Second, Garrison knew that a vendor must be licensed to sell Polo,

Lacoste, and Abercrombie & Fitch shirts and he did not have a license. Third, the jury was told that Garrison had been previously convicted in 1995 for conspiracy to counterfeit. And last, the very low cost of the shirts themselves should have raised Garrison's suspicions. Thus, we affirm the smuggling count.

For each of the trafficking counts, the government was required to prove that (1) the defendant trafficked or attempted to traffic in goods; (2) such trafficking, or attempt to traffic, was intentional; (3) the defendant used a counterfeit mark on or in connection to the goods; and (4) the defendant knew the mark was counterfeit. *United States v. Hanafy*, 302 F.3d 485, 487 (5th Cir. 2002). With respect to each of the trafficking counts, Garrison argues there was no evidence he knew the shirts were counterfeit. Additionally, for the trafficking counts based on the shipping documents found in the stores, Garrison contends that only the shipping documents, and not the shirts themselves, were introduced at trial; thus, there was insufficient evidence to prove the shirts were in fact counterfeit. For the same reasons, however, that we find the evidence sufficient to affirm the smuggling count, we find the evidence is also sufficient to support the trafficking counts. There was sufficient evidence, albeit circumstantial, for a rational finder of fact to conclude that Garrison knew the shirts were counterfeit. *See Aggarwal*, 17 F.3d at 740. Additionally, the overwhelming evidence that *every* shirt seized in both the Batesville and Robinsonville stores on June 1, 2007—some two thousand shirts—was counterfeit could lead a rational trier of fact to conclude that shipments of the same or like shirts imported from abroad for only $2 or $3 a piece were also counterfeit. These four trafficking convictions, therefore, are also affirmed.

The trafficking count related to the seizure at JFK airport is also affirmed. Because Garrison did not properly preserve this error for appeal, we review only to determine whether there was a manifest miscarriage of justice. *See Burton*, 324 F.3d at 770. Although Garrison contends he could not have been put on

notice prior to the seizure at JFK airport in 2006, this argument is unavailing. The customs agent testified that the shirts seized at JFK were in fact counterfeit. Additionally, the agent testified that Garrison did not contest the seizure. Although failure to contest a seizure is not in itself proof of guilt, this information along with his prior conviction and the very low price he was paying for the shirts does indicate that he knew or should have known that the shirts were counterfeit. In light of this evidence, the record is not devoid of any evidence of guilt nor is the evidence so tenuous as to make the conviction shocking. *Id.*

### III.

Garrison next appeals the district court's decision to admit evidence of the shirts that form the basis of four of the trafficking counts absent the presentation of those goods at trial or any testimony that the shirts were in fact counterfeit. Specifically, Garrison objects to the notice that was sent to him after U.S. Customs seized the shipment of shirts at JFK airport. Garrison also objects to the admission of several shipping documents that reflected purchases of Polo t-shirts from India and Sri Lanka. In both cases, he argues that the evidence was irrelevant or, in the alternative, that the probative value was outweighed by the danger of unfair prejudice. Prior to trial, Garrison filed a motion in limine seeking to exclude both sets of evidence, which the district court denied.

With respect to the seizure notice, Garrison failed to contemporaneously object to the introduction of this evidence at trial. The issue was therefore not properly preserved for appeal and is reviewed only for plain error. *United States v. Graves*, 5 F.3d 1546, 1551 (5th Cir. 1993). To establish plain error, the defendant must show: (1) there was error; (2) that was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009). The district judge did not err in admitting the

notice into evidence. The notice was relevant because it alleged that the shirts seized at JFK were counterfeit. This evidence was bolstered by the U.S. Customs agent's testimony that the shirts seized were in fact counterfeit. Nor is the probative value of the seizure notice outweighed by any danger of unfair prejudice.

Additionally, Garrison stipulated to the admission of the shipping documents at trial. By stipulating to the admission of the evidence, Garrison has arguably waived his appeal on this point. *See United States v. Olano*, 507 U.S. 725, 732–34 (1993) (discussing forfeiture versus waiver). However, even if, as Garrison argues on appeal, he stipulated only to the authenticity of the documents and intended to preserve his objections to the admissibility of the evidence, we review only for plain error.[1] Garrison contends the government could not conclusively tie the shipping documents found in the store to the counterfeit shirts that were seized at his stores on June 1, 2007, and, therefore, the documents were irrelevant or in the alternative more prejudicial than probative. Although it is true that the government was not able to conclusively prove that the shipping documents related to the exact shirts found in Garrison's stores, this does not make the documents irrelevant. These were the only shipping documents found in the stores during the seizure, and they describe shirts exactly like some of the shirts seized in the stores. And, perhaps even more compelling, every single shirt seized in both stores was determined to be counterfeit. Moreover, the district court properly instructed the jury that they could make deductions and reach conclusions that reason and common sense

---

[1] A thorough review of the record does not indicate that Garrison preserved this issue on appeal. The record reflects only that Garrison stipulated to these exhibits; it makes no mention that the stipulation was only as to authenticity of the documents or that Garrison in any way renewed his objections on the grounds of relevancy and the danger of possible prejudice outweighing the probative value.

would lead one to draw from the facts. Therefore, the district court did not commit an error in admitting the shipping documents as evidence.

## IV.

Lastly, Garrison argues the district court erred by not granting a mistrial in the case after the jury initially returned a guilty verdict, but when polled, one of the jurors stated that was not her vote. Rule 31(d) of the Federal Rules of Criminal Procedure states that:

> After a verdict is returned, but before the jury is discharged, the court must on a party's request, or may on its own, poll the jurors individually. If the poll reveals a lack of unanimity, the court may direct the jury to deliberate further or may declare a mistrial and discharge.

The district court's decision is reviewed for abuse of discretion. *United States v. Jefferson*, 258 F.3d 405, 410 (5th Cir. 2001).

During deliberations, the jury sent a note to the judge because one juror would not communicate in an effort to reach a verdict. The judge replied and advised them to continue deliberations. The jury subsequently returned a verdict of guilty, and during the district court's poll of the jury, one of the jurors stated that it was not her verdict. The judge then asked the jury to return to the jury room and see if they could come back with a unanimous verdict. At this time, Garrison moved for a mistrial based upon the danger of coercion, which the district court denied. The jury again returned a verdict of guilty and when polled, all jurors replied it was their verdict. Based on this sequence of events, we do not believe the district court's admonition to keep deliberating coerced the jury into rendering a guilty verdict, and the district court did not abuse its discretion by failing to declare a mistrial. *See United States v. Warren*, 594 F.2d 1046, 1049–50 (5th Cir. 1979).

## V.

For the reasons stated above, Garrison's conviction is AFFIRMED.