# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2010

No. 09-50780
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE BARRAZA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3177-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Barraza appeals his conviction on 14 counts of making false statements to the United States Postal Service and the United States Department of Labor's Office of Workers' Compensation Program (OWCP) concerning his ability to work, in order to induce the payment of worker's compensation and other benefits. *See* 18 U.S.C. §§ 1001, 1920. We affirm.

Barraza argues that the evidence was insufficient to show that he knowingly made false statements because he was entitled to rely on the opinions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a physician and a physical therapist who testified that, at one time, they thought Barraza was actually injured. Ordinarily, in assessing the sufficiency of the evidence, we determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). However, because Barraza did not renew his motion for acquittal at the close of the evidence, "we review his claim to determine whether there was a manifest miscarriage of justice." *United States v. Burton*, 324 F.3d 768, 770 (5th Cir. 2003) (citation and marks omitted). There is a manifest miscarriage of justice when "the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense that is so tenuous that a conviction would be shocking." *United States v. McIntosh*, 280 F.3d 47, 483 (5th Cir. 2002) (citation and marks omitted).

To establish a violation of § 1001, the Government was required to prove that Barraza made an intentional false statement that was material to some inquiry or decision within a government agency's jurisdiction. *See United States v. Najera Jimenez*, 593 F.3d 391, 399-400 (5th Cir. 2010). To prove the offense of making false statements for purposes of fraudulently obtaining OWCP benefits in violation of § 1920, the Government was required to show that Barraza knowingly and willfully made a material false or fraudulent statement in connection with his application for OWCP compensation or other benefits. *See United States v. Harms*, 442 F.3d 367, 372-73 (5th Cir. 2006).

The Government presented visual documentation of Barraza performing activities that were contrary to his statements that he was unable to work. The physician testified that Barazza's assertions during treatment concerning his inability to work were not consistent with the evidence of his activities presented at trial. Barraza was not entitled, as a matter of law, to rely on the opinions of experts whom he was misleading. *See United States v. Smith*, 523 F.2d 771, 778 (5th Cir. 1975). The Government also presented evidence that Barraza

2

persistently and falsely denied any ability to work. His assertions of his inability to work were inconsistent with the surveillance evidence and the opinion of his physical therapist. Viewing the evidence in the light most favorable to the jury's verdict, the record is not devoid of evidence pointing to guilt and does not contain evidence on a key element of the offense that is so tenuous that a conviction would be shocking. *See McIntosh*, 280 F.3d at 483. Consequently, there was no miscarriage of justice. *See Burton*, 324 F.3d at 770.

Barraza also challenges the district court's supplemental instruction to the jury regarding the requirement of unanimity of the verdict on all counts. The jury originally found Barraza guilty on two counts and not guilty on the remaining counts. When the district court began to poll the jury, the jury foreman revealed that the jury had misunderstood the requirement of a unanimous verdict with respect to acquittals and that the not guilty verdicts were not unanimous. The court therefore clarified its instruction and instructed the jury to resume deliberations and return unanimous verdicts of guilty or not guilty as to each count. After further deliberation, the jury returned unanimous verdicts of guilty on all counts.

Although Barraza moved for a mistrial after the jury resumed deliberations on the ground that the jury had returned an illegal verdict, he did not object to the court's clarifying instruction. Review is thus for plain error. To show plain error, Barraza must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation and marks omitted). "Plain error occurs only when [a jury] instruction, considered as a whole, was so clearly erroneous as to result in the likelihood of a grave miscarriage of justice." *United States v. Davis*, 19 F.3d 166, 169 (5th Cir. 1994) (citation omitted).

The court's instruction was a correct statement of the law. *See* FED. R. CRIM. P. 31(a) & (d); *cf. also United States v. Miles*, 360 F.3d 472, 482-83 (5th Cir. 2004) (approving similar instruction); *United States v. Jones*, 132 F.3d 232, 245 (5th Cir. 1998) (finding no constitutional requirement that a court "inform the jury of the consequences of failing to reach a unanimous verdict"). Moreover, Barraza fails to show "that the circumstances surrounding the charge caused the jury to be unduly coerced into reaching a verdict." *See United States v. McClatchy*, 249 F.3d 348, 359 (5th Cir. 2001). The district court committed no error, plain or otherwise. Further, there is no likelihood that the instruction resulted in a miscarriage of justice. *See Davis*, 19 F.3d at 169.

The judgment of the district court is AFFIRMED.