# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2013

No. 12-30002

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DENNIS M. SORTO-ENAMORADO,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-224

Before JONES, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dennis Sorto-Enamorado ("Sorto") challenges his convictions for (1) using facilities of interstate commerce to knowingly attempt to persuade, induce, entice, or coerce a minor to engage in criminal sexual activity; and (2) attempting to receive child pornography—violations of 18 U.S.C. §§ 2422(b) & 2252(a)(2). The incident leading to these convictions began when Sorto used the website Craigslist to solicit casual sex. A police officer, posing as a girl named "Lori," responded with a picture and told him she was a "15 yr old fem."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  12-30002

Sorto relayed a desire to have sex with her and asked for "naked pics."  Lori then specifically asked: "is it ok im 15?"   Instead of replying with concerns or objections to her age, he arranged to meet Lori at her hotel while her mother was supposedly out; police arrested him there.  After a jury conviction, Sorto timely appeals the sufficiency of the evidence and the denial of an entrapment instruction by the district court.  Finding no error, we **AFFIRM**.

## DISCUSSION

### 1.  Sufficiency of the Evidence

Sorto first argues the evidence was insufficient to show the requisite mens rea for the crimes.  He failed, however, to preserve error in this regard when he did not cite specific reasons in his motion for judgment of acquittal; we therefore review for plain error.  *United States v. Delgado*, 672 F.3d 320, 331–32 (5th Cir. 2012) (en banc), *cert. denied* 133 S. Ct. 525 (2012).  Under plain error review, overturning a conviction because of insufficient evidence requires a defendant to prove that a *manifest* miscarriage of justice took place.  *Id.* at 331.  This "occurs [*inter alia*] where the record is devoid of evidence pointing to guilt." *United States v. Rodriguez-Martinez*, 480 F.3d 303, 307 (5th Cir. 2007) (quoting *United States v. Burton*, 324 F.3d 768, 770 (5th Cir. 2003)).

The record here is replete with evidence of Sorto's guilt.  His mens rea could initially be established by his twice being apprised of Lori's age.  He also later confessed to both knowing she was fifteen (although at trial he claimed that fact "escaped" him) and his intention to have sex with her.  The jury was free to credit the confession and other evidence of the crimes over Sorto's late claim of ignorance concerning the age.  *See United States v. Runyan*, 290 F.3d 223, 240 (5th Cir. 2002).  Accordingly, there was no manifest miscarriage of justice.

### 2.  Refusal of an Entrapment Instruction

Sorto next contends the district court erred by denying his request for an entrapment instruction to the jury.  He maintains he sought only to engage in

No. 12-30002

legal adult activity through his initial ad and that the government baited him with its response and a picture of an older looking female. Refusal of the entrapment instruction is subject to *de novo* review. *United States v. Ogle*, 328 F.3d 182, 185 (2003). Entrapment only occurs if the government "implant[s] in an innocent person's mind the disposition to commit a criminal act, and then induce[s] commission of the crime so that the Government may prosecute." *Jacobson v. United States*, 503 U.S. 540, 548, 112 S. Ct. 1535, 1540 (1992).

While the government provided the opportunity, it cannot be said that the disposition to perpetrate these acts came from anywhere other than Sorto. Rather than reluctance, he demonstrated zeal for the crime from the beginning. *Ogle*, 328 F.3d at 185–86. Contrary to his claim, the lack of a criminal history of pedophilia does not prove a lack of such disposition. Though Sorto knew Lori's age from the outset, he moved quickly; this readiness signals predisposition to commit the crime. *See United States v. Byrd*, 31 F.3d 1329, 1336 (5th Cir. 1994).

Neither did the government induce Sorto's acts. Seizing the opportunity provided, it was Sorto who escalated the sexual rhetoric and pushed for a "hook up" that same night. Though the picture sent could be thought to be an older girl, it accompanied an age disclosure. It is likewise irrelevant that they met on an "adult" portion of the site. Even assuming he did not know minors frequent that venue, Sorto still gave assurances her age was acceptable. Ultimately, Sorto's eagerness to avail himself of the criminal opportunity precludes an entrapment instruction here.[1] *See Jacobson*, 503 U.S. at 550, 112 S. Ct. at 1541.

## CONCLUSION

For the foregoing reasons, the convictions are **AFFIRMED**.

---

[1] Other circuits considering similar "To Catch a Predator" sting operations have not required entrapment instructions either. *See United States v. Davila-Nieves*, 670 F.3d 1 (1st Cir. 2012), *cert. denied*, 132 S. Ct. 2407 (2012); *United States v. Young*, 613 F.3d 735 (8th Cir. 2010).