# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 18, 2013

Lyle W. Cayce
Clerk

No. 12-40496

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CLEMENTE VALDEZ, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No.4:09-CR-142-5

Before STEWART, Chief Judge, and HIGGINBOTHAM and JONES, Circuit Judges.

PER CURIAM:[*]

This case arises from Clemente Valdez, Jr.'s ("Valdez") involvement with the Mexican Gulf Cartel ("Cartel"), a drug trafficking organization. A jury convicted him of conspiracy to possess with intent to distribute cocaine, in violation of 18 U.S.C. § 846, and conspiracy to commit money laundering in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of 18 U.S.C. § 1956(h).  Valdez challenges only his conviction for conspiracy to commit laundering.  Finding no reversible error, we **AFFIRM**.

"To establish conspiracy to commit money laundering, the government must prove (1) that there was an agreement between two or more persons to commit money laundering and (2) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose." *United States v. Fuchs*, 467 F.3d 889, 906 (5th Cir. 2006).  Valdez argues that the evidence was insufficient to support his conviction.  Because he did not properly preserve this challenge, plain error review applies.  *United States v. Delgado*, 672 F.3d 320, 331–32 (5th Cir. 2012) (en banc), *cert. denied* 133 S. Ct. 525 (2012).  Under plain error review, overturning a conviction because of insufficient evidence requires a defendant to prove that a *manifest* miscarriage of justice took place.  *Id.* at 331.  This "occurs [*inter alia*] where the record is devoid of evidence pointing to guilt."  *United States v. Rodriguez-Martinez*, 480 F.3d 303, 307 (5th Cir. 2007) (quoting *United States v. Burton*, 324 F.3d 768, 770 (5th Cir. 2003)).

Based on our narrow standard of review, the record is not devoid of evidence to sustain Valdez's conviction.  Testimony from former Cartel members about the organization's large-scale and intricate use of intermediaries, stash houses, and cash transactions (involving money traceable to prior drug deals), indicates the existence of an agreement to commit money laundering. *Cf. United States v. Brown*, 553 F.3d 768, 787 (5th Cir. 2008) (finding the evidence sufficient to support a conviction for money laundering concealment when the "transactions were in cash so that they were not easily traced"); *United States v. Martinez*, 151 F.3d 384, 389 (5th Cir. 1998) (affirming money laundering conviction where evidence showed that "virtually all the money" used in transactions was drug money).   There was also testimony that Valdez participated in the cash transactions and utilized a stash house.  The jury could

No. 12-40496

have inferred Valdez's knowledge of the conspiracy from the fact that his uncle, Jorge Villegas-Jaimes ("Villegas"), led the Cartel's Dallas branch and his cousin (Villegas's nephew) knew about the Cartel's system of drug and money transactions. *United States v. Broussard*, 80 F.3d 1025, 1031 (5th Cir. 1996) ("Inferences drawn from familial relationships . . . may be combined with other circumstantial evidence to support a conspiracy conviction."). Accordingly, there was no manifest miscarriage of justice.

Valdez also contends that his trial counsel rendered ineffective assistance by failing to move for a judgment of acquittal on the conspiracy to commit money laundering count. Ordinarily, we do not review an ineffective assistance of counsel claim on direct review unless it was addressed by the district court. *United States v. Rosalez-Orozco*, 8 F.3d 198, 199 (5th Cir. 1993). Following the usual policy, we pretermit review of the issue here.

For the foregoing reasons, Valdez's conviction for conspiracy to commit money laundering is **AFFIRMED**.