# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11221
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLETO TARIN; HECTOR SALDIVAR,

Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-21-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury convicted Cleto Tarin and Hector Saldivar of conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. The district court sentenced Tarin to a 420-month prison term and a four-year term of supervised release and sentenced Saldivar to a 400-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11221

month prison term and a five-year term of supervised release.  They challenge the sufficiency of the evidence, and Saldivar challenges his sentence.

To convict on a drug conspiracy charge, the Government must prove beyond a reasonable doubt that an agreement existed between two or more persons to possess the controlled substance with the intent to distribute it, the defendant knew of that agreement and voluntarily participated in it, and the conspiracy involved at least the amount of the substance proscribed by the applicable statute.  *See United States v. DeLeon*, 247 F.3d 593, 596 (5th Cir. 2001).  And because neither Tarin nor Saldivar moved for a judgment of acquittal, review of the sufficiency of the evidence is limited to determining whether there was a manifest miscarriage of justice, which results only if the record is devoid of evidence pointing to guilt or the evidence on a key element of the offense is so tenuous that a conviction would be shocking.  *See United States v. Burton*, 324 F.3d 768, 770 (5th Cir. 2003); *see also* FED. R. CRIM. P. 29(a), (c).

Having thoroughly reviewed the record and the arguments in the briefs, we conclude that no manifest miscarriage of justice occurred here.  *See United States v. Green*, 293 F.3d 886, 895 (5th Cir. 2002).  The record is replete with evidence that each defendant committed the crime charged against him by the indictment, and that evidence is not tenuous.  *See Burton,* 324 F.3d at 770. Indeed, the testimony of Miguel Martinez was by itself sufficient to allow the jury "to infer a voluntary and knowing agreement between" Saldivar and Martinez and between Tarin and Martinez "to violate the narcotics laws." *United States v. Akins*, 746 F.3d 590, 605 (5th Cir. 2014).  Given the standard of review and the overwhelming evidence, the sufficiency of the evidence claims cannot stand.  *See Burton*, 324 F.3d at 770; *Green*, 293 F.3d at 895.  We reject also Saldivar's challenge to the enhancement of the base offense level for

possessing a dangerous weapon, *see* U.S.S.G. § 2D1.1(b)(1); for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, *see* U.S.S.G. § 2D1.1(b)(12); and for having a leadership role in the criminal activity, *see* U.S.S.G. § 3B1.1(c).

Saldivar waived appellate review of the dangerous weapon enhancement when he withdrew his objection at the sentencing hearing, and waived claims are unreviewable. *See United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010). He offers nothing that supports the conclusion that the determination that drug dealing was a principal use of a certain premises is implausible "in light of the record as a whole" or creates "the definite and firm conviction that a mistake has been committed." *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009) (internal quotation marks and citations omitted); *see United States v. Benitez,* 809 F.3d 243, 250 (5th Cir. 2015), *cert. denied,* 130 S. Ct. 1694 (2016). All that is required under § 2D1.1(b)(12) is that drug dealing be "one of the main purposes for" maintaining the premises. *United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015); *see* § 2D1.1, comment. (n.17). In light of the record as a whole, including the concession by Saldivar that he used the premises for narcotics storage and distribution, Saldivar "has not shown how the district court's decision was erroneous." *Haines*, 803 F.3d at 745. Also unavailing is Saldivar's challenge to the enhancement for having a leadership role. As the district court noted, Saldivar did not present evidence to controvert the presentence report's recitation, corroborated by an officer's testimony, that Saldivar instructed a co-conspirator to conceal packages of methamphetamine when she and Saldivar were stopped by the police. *See Benitez*, 809 F.3d at 250.

AFFIRMED.