# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60050
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRENCE OMAR GATES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-150-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Terrence Omar Gates appeals his jury trial conviction and 78-month sentence for possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). We affirm.

We reject Gates's challenge to the district court's order denying, without an evidentiary hearing, suppression of evidence obtained by the Jackson, Mississippi, police after stopping the vehicle driven by Gates. We pretermit

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination of the standard of review because Gates fails to satisfy even the standard most favorable to him. *See United States v. Mergist*, 738 F.2d 645, 648 (5th Cir. 1984); *see also United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). The record as a whole establishes that, even if omitting an evidentiary hearing and denying reconsideration of that ruling were errors, they were harmless errors. *See Mergist*, 738 F.2d at 648. The testimony of the sole trial witness and the photographic exhibit introduced of the rear window of Gates's vehicle served to buttress the suppression ruling that the police had reasonable suspicion that the vehicle's windows were excessively tinted in violation of Mississippi law. *See United States v. Henry*, 853 F.3d 754, 756, 758 (5th Cir. 2017); *see also Walker v. State*, 962 So. 2d 39, 42 (Miss. Ct. App. 2006). Further, Gates has abandoned any challenge to the denial of his claim that the poststop search of the vehicle was unwarranted and unlawful. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Therefore, we do not disturb the suppression ruling.

Also meritless is the claim of insufficient proof of knowing possession of the firearm, the only element of the crime challenged by Gates. Because Gates did not move for a judgment of acquittal, our review of the sufficiency of the evidence presented to convict him is limited to determining "whether there was a manifest miscarriage of justice," which results only if (1) "the record is devoid of evidence pointing to guilt" or (2) the evidence on a key element of the offense is "so tenuous that a conviction would be shocking." *United States v. Burton*, 324 F.3d 768, 770 (5th Cir. 2003) (internal quotation marks and citations omitted); *see* FED. R. CRIM. P. 29(a). In light of the testimony of the sole witness that he saw Gates stuffing the firearm under the front passenger seat of the vehicle, the jury's finding that Gates was a felon who knowingly possessed a firearm withstands scrutiny. *See United States v. Munoz*, 150 F.3d 401, 416

(5th Cir. 1998).  Thus, the record is not devoid of evidence, and the evidence is not tenuous.  *See United States v. Ferguson*, 211 F.3d 878, 885 n.4 (5th Cir. 2000); *Munoz*, 150 F.3d at 416.  Therefore, Gates's conviction was not a manifest miscarriage of justice.  *See Burton*, 324 F.3d at 770.

Additionally, we reject Gates's claim, raised on appeal for the first time, that he is entitled to a new trial under *Giglio v. United States*, 405 U.S. 150, 153-54 (1970), based on documents produced by the Government after trial concerning a disciplinary matter in which the police officer who was the sole witness at trial was reprimanded.  Gates's truncated presentation of this claim hinges on conclusory, and therefore ineffectual, assertions concerning the possibility of a different verdict.  *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 322 n.1 (5th Cir. 2007).  But even if the conclusory nature of his claim were overlooked, Gates is not entitled to relief on this claim.  *See Puckett v. United States*, 556 U.S. 129, 136 (2009).  The second part of the plain error standard requires a showing that a forfeited error was clear or obvious, i.e., not "subject to reasonable dispute." *Puckett*, 556 U.S. at 135; *see United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009).  In view of the record as a whole, including the photographic evidence, the question whether the jury, had it known the information in the *Giglio* documents, would likely have rendered a different verdict is at least subject to reasonable debate.  *See Puckett*, 556 U.S. at 135; *Ellis*, 564 F.3d at 377-78.  Consequently, as Gates fails the second part of the plain error standard, no further discussion of the standard is required; a conclusion of plain error is not possible.  *See Puckett*, 556 U.S. at 135; *Ellis*, 564 F.3d at 377-78.

AFFIRMED.